# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL-KASEEM LITTLE, | Civil Action No. 15-1815 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DONIQUE IVERY, et al., | |
| Defendants. | |

This matter has been opened to the Court by Defendant Abu Ahsan and Donique Ivery's ("Defendants") "Motion to Dismiss Plaintiff's State Law Malpractice Claims with Prejudice and for Summary Judgment with Respect to Plaintiff's Constitutional Claims Pursuant to Fed. R. Civ. P. 56(c)" (ECF No. 29). For the reasons explained below, the Court will deny without prejudice the motion to dismiss because the Court, in its prior screening Order, did not construe Plaintiff to raise any state law claims for medical malpractice. The Court will also deny without prejudice Defendants' hybrid motion for summary judgment on Plaintiff's § 1983 claims for deliberate indifference to his serious medical needs, and permit Defendants to refile their motion for summary judgment within 30 days of the date of this Memorandum and Order. Plaintiff shall file opposition to Defendants' summary judgment motion within 30 days of his receipt of the motion, and Defendants may file a reply brief within seven days of their receipt of Plaintiff's opposition.

Plaintiff Complaint was docketed on March 15, 2015. (ECF No. 1.) The Court screened Plaintiff's Complaint for dismissal pursuant to 28 U.S.C. 1915(e)(2)(B) and construed Plaintiff to allege that Defendant medical professionals Donique Ivery ("Nurse Ivery") and Dr. Abu

1

Ahsan ("Dr. Ahsan") were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1]  (*See* ECF No. 5 at ¶ 4.)  The Court did <u>not</u> construe the Complaint to raise any state law claims for relief, including state law claims for malpractice.[2]  Nurse Ivery and Dr. Ahsan were served but failed to answer the Complaint, and Plaintiff sought and received an entry of default, and subsequently filed a motion for default judgment.  (*See* ECF Nos. 15, 18.)  In the interim, however, Defendants moved to set aside the entry of default (ECF No. 16), which was granted on May 3, 2016.  (ECF No. 23.)  On that same date, Defendants Ivery and Ahsan filed their Answer.  (ECF No. 24.)  On May 20, 2016, Plaintiff filed an application for pro bono counsel, which was denied without prejudice by the Magistrate Judge on September 27, 2016.  (ECF Nos. 26-27.)

On January 5, 2017, Defendants filed a motion titled "Motion to Dismiss Plaintiff's State Law Malpractice Claims with Prejudice and for Summary Judgment with Respect to Plaintiff's Constitutional Claims Pursuant to Fed. R. Civ. P. 56(c)" (ECF No. 29.)  Defendants' motion is best characterized as a hybrid motion seeking judgment on the pleadings under Fed. R. Civ. P. 12(c) with respect to Plaintiff's state law malpractice claims, and summary judgment under Fed. R. Civ. P. 56 on Plaintiff's Eighth Amendment § 1983 claims.  (*See* ECF No. 29.)

Plaintiff did not file opposition to Defendants' motion; instead, on January 9, 2017, Plaintiff submitted a letter stating that he received Defendants' motion to dismiss and did not know that he needed to file an Affidavit of Merit or Notice of Tort claims, and did not intend to

---

[1] The Complaint also alleged that Defendant Mary Lang violated Plaintiff's constitutional rights by failing to by failing to respond to his grievances about Nurse Ivery and Dr. Ahsan; the Court, however, dismissed the claim against Defendant Lang under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

[2] Plaintiff's complaint contains no reference to medical malpractice or negligent conduct by Defendants.  (ECF No. 1.)

delay the matter in any way. (ECF No. 31, Letter at 1.) On February 27, 2017, Plaintiff filed another application for pro bono counsel. (ECF No. 35.) On February 27, Plaintiff wrote another letter to the Court, explaining that he did not know how to submit an Affidavit of Merit and asking to stay the matter until his application for pro bono counsel is decided.

By way of background, a state law claim for medical malpractice or medical negligence is distinct from a § 1983 claim alleging violations of the Eighth Amendment right to adequate medical care, and the latter requires a more culpable state of mind. *See, e.g., Bramson v. Sulayman*, 251 F. App'x 84, 86 (3d Cir. 2007). More specifically, the Eighth Amendment's prohibition on "cruel and unusual punishments" proscribes "deliberate indifference" to prisoners' serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Therefore, to state a claim against a prison official under the Eighth Amendment, the prisoner must allege both (1) the existence of serious medical needs; and (2) the official's deliberate indifference to those needs. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999).

Malpractice is a type of state-law negligence claim "based on the improper performance of a professional service that deviated from the acceptable standard of care." *Zuidema v. Pedicano*, 373 N.J. Super. 135, 145 (App. Div. 2004) (collecting cases). Thus, "[i]n a typical medical malpractice action, a plaintiff must establish by expert testimony the applicable standard of care owed by a physician to a patient, a deviation from that standard of care, and that the deviation proximately caused the injuries." *Id.* (citing *Verdicchio v. Ricca*, 179 N.J. 1, 23 (2004)).

In an action alleging professional malpractice, New Jersey also requires an Affidavit of Merit. *See* N.J.S.A. §§ 2A:53A–26 to 29.4. The Affidavit of Merit requirement is triggered by the filing of the defendant's answer:

> Within 120 days after the defendant files an answer, the malpractice plaintiff must file such an affidavit from an appropriate licensed professional. That [Affidavit of Merit] must state, to a reasonable probability, that the defendant's conduct fell short of accepted standards in the relevant profession. If a proper, timely [Affidavit of Merit] is not filed, the case will be dismissed.

*Szemple v. Univ. of Med. & Dentistry of New Jersey*, 162 F. Supp. 3d 423, 425–26 (D.N.J. 2016).

Here, the Court previously screened Plaintiff's Complaint pursuant to § 1915(e)(2)(B), and construed Plaintiff to allege that Moving Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[3] (ECF No. 5, at ¶¶ 4-6.) The Court proceeded the Eighth Amendment § 1983 claims against Nurse Ivery and Dr. Ashan, but dismissed the Eighth Amendment §1983 claim against Defendant Mary Lang. (*Id.* at ¶¶ 7-8.) The Court did not construe Plaintiff's Complaint to raise any state law claims for medical malpractice. Plaintiff's letters to the Court in response to Defendants' motion express confusion about the Affidavit of Merit requirement, but do not appear to suggest that he intended to raise medical malpractice claims in addition to his § 1983 claims for inadequate medical treatment.[4]

---

[3] Construed liberally in Plaintiff favor, the Complaint alleged that Plaintiff has a keloid and a cyst that are causing him significant pain and itching. Plaintiff further alleged that Defendant Ivery refused to examine or treat his keloid and did not believe that the keloid was causing Plaintiff pain because she also had a keloid that did not cause her pain. When Plaintiff saw Defendant Abu Ashan for a second opinion, he allegedly told Plaintiff that he respected Ms. Ivery's decision and "never examined" the keloid. (ECF No. 1, Compl. at pages 3-4, 8-9.) Plaintiff appears to allege that the medication prescribed was ineffective and that Defendant Ashan refused to consider surgical removal of the keloid/cyst. (*Id.*)

[4] Furthermore, even if the Court construed Plaintiff to raise medical malpractice claims in his Complaint, the Third Circuit, in *Nuveen Municipal Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 303 (3d Cir. 2012), has expressly held that "the affidavit of merit is not a pleading requirement" (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 160, 3d Cir. 2000), and instructed that such motions for dismissal are properly brought under Fed. R. Civ. P. 56 as motions for

Because the Court did not construe Plaintiff to raise medical malpractice claims against Moving Defendants in its screening Order, and Plaintiff has not stated otherwise in his letters to the Court, the Court will deny without prejudice Defendants' motion to dismiss based on Plaintiff's failure to file an Affidavit of Merit, which is <u>not required</u> §1983 claims alleging deliberate indifference to serious medical needs.[5]

In light of Plaintiff's pro se status and the confusion created by Defendant's hybrid motion, the Court will also deny without prejudice the motion for summary judgment directed at Plaintiff's § 1983 claims and permit Moving Defendants to refile that motion within 30 days. Plaintiff shall file a response to Defendants' summary judgment motion within 30 days of his receipt of that motion.[6] Defendants may file a reply within 7 days of their receipt of Plaintiff's opposition.

**IT IS, THEREFORE**, on this 16th day of August, 2017,

**ORDERED** that the motion to dismiss the medical malpractice claims is denied without prejudice (ECF No. 29) because the Court has not construed Plaintiff's Complaint to raise state-

---

summary judgment. *Id.* at n.13 ("That the affidavit [of merit] is not a pleading requirement counsels that a defendant seeking to 'dismiss' an action based on the plaintiff's failure to file a timely affidavit should file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

[5] The Court does not construe Plaintiff to request leave to amend to add a claim for medical malpractice. To the extent Plaintiff seeks and is granted permission to amend his complaint to add a claim for medical malpractice and fails to provide an Affidavit of Merit within the prescribed time period, the Court will permit Defendants to file a motion for summary judgment with respect to that claim.

[6] The Court notes that Plaintiff has filed a motion for pro bono counsel, which is pending before the Magistrate Judge. (ECF No. 35.) The mere filing of an application for pro bono counsel does not relieve Plaintiff of his obligation to submit a response to Defendants' motion. If Plaintiff does not submit a response to Defendants' motion for summary judgment in the timeframe specified in the Court's Order, the Court will consider Defendants' motion as unopposed.

law claims for medical malpractice; and it is further

**ORDERED** that the motion for summary judgment directed at Plaintiff's § 1983 claims for deliberate indifference to his serious medical needs (ECF No. 29) is denied WITHOUT PREJUDICE for the reasons stated herein; Defendants may file a new motion for summary judgment with respect to these claims within 30 days of the date of this Order; and it is further

**ORDERED** that Plaintiff shall file opposition to Defendants' motion for summary judgment within 30 days of his receipt of that motion; if Plaintiff fails to file a response, the Court will treat the motion as unopposed; and it is further

**ORDERED** that Defendants may file a reply within 7 days of their receipt of Plaintiff's opposition; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff by regular mail.


/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge